Goodyear *have no effect upon general jurisdiction that is based upon consent through corporate registration statutes.*[130] Daimler *and* Goodyear *involved only general jurisdiction by presence where the corporate defendant had not consented to jurisdiction. Just last month, a circuit court judge of the Federal Circuit wrote in a concurring opinion mentioned by the Majority that "*Daimler did not overrule the line of Supreme Court authority establishing that a corporation may consent to jurisdiction over its person by choosing to comply with a state's registration statute."*[131] *The case originated in Delaware and the opinion concluded that* Sternberg *itself remains good law. I fully agree with the reasoning of that concurring opinion and see no need to duplicate it here.*

It may be that the United States Supreme Court will go in the same direction as the Majority. But we won't know until it gets there. I would not divest the trial courts of this state of significant jurisdiction unless I was sure I was right, and I am not sure the Majority is right. I would affirm the judgment of the Superior Court.

**Samuel R. SCOTT, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

**No. 634, 2015**

Supreme Court of Delaware.

Submitted: January 26, 2016
Decided: April 18, 2016

Court Below—Superior Court of the

130. *See Acorda Therapeutics Inc. v. Mylan Pharm. Inc.*, 817 F.3d 755, 766–67, 2016 WL 1077048, at *10 (Fed.Cir.2016) (O'Malley, J., concurring), *aff'g* 78 F.Supp.3d 572, 587 (D.Del.2015); *Novartis Pharm. Corp. v. Mylan Inc.*, 2015 WL 1246285, at *3–4 (D.Del. Mar. 16, 2015); *Forest Labs, Inc. v. Amneal Pharm, LLC*, 2015 WL 880599, at *12 (D.Del. Feb. 26, 2015); *see also Helsinn Healthcare S.A. v. Hospira, Inc.*, 2016 WL 1338601, at *3 (D.N.J. Apr. 5, 2016) ("*Daimler* did not address the issue of consent-based jurisdiction.... "); *In re Syngenta AGMIR 162 Corn Litig.*, 2016 WL 1047996, at *3 (D.Kan. Mar. 11, 2016) ("The Court is not prepared to ignore such Supreme Court precedent based on speculation about how the Court might view jurisdiction in contexts other than that discussed in *Daimler.*"); *Mitchell v. Eli Lilly & Co.*, —— F.Supp.3d ——, —————, 2016 WL 362441, at *5–9 (E.D.Mo. Jan. 29, 2016) (rejecting the argument that *Daimler* altered general jurisdiction by consent); *Grubb v. Day to Day Logistics, Inc.*, 2015 WL 4068742, at *4 (S.D.Ohio July 2, 2015) (declining to extend *Daimler* to consent); *Fesniak v. Equifax Mortg. Servs. LLC*, 2015 WL 2412119, at *6 (D.N.J. May 21, 2015) (acknowledging that one may still consent to personal jurisdiction); *Gracey v. Janssen Pharms., Inc.*, 2015 WL 2066242, at *3 n. 4 (E.D.Mo. May 4, 2015) (noting that *Daimler* did not alter jurisdiction by consent); *Perrigo Co. v. Merial Ltd.*, 2015 WL 1538088, at *7 (D.Neb. Apr. 7, 2015) ("*Daimler* only speaks to whether general jurisdiction can be appropriately exercised over a foreign corporation that has not consented to suit in the forum."); *Senju Pharm. Co., Ltd. v. Metrics, Inc.*, 96 F.Supp.3d 428, 437 (D.N.J.2015) ("*Daimler* did not discuss instate service and there was no indication in Daimler that the defendant had registered to do business in the state or been served with process there."); *Otsuka Pharm. v. Mylan*, 106 F.Supp.3d 456, 467–69 (D.N.J.2015) (declining to extend *Daimler* to consent).

131. *Acorda*, 817 F.3d at 767, 2016 WL 1077048, at *10 (O'Malley, J., concurring).

State of Delaware, Cr. ID No. 30502498DI

AFFIRMED.

**Fred T. CALDWELL, Defendant Below–Appellant,**

v.

**STATE of Delaware, Plaintiff Below–Appellee.**

No. 166, 2016

Supreme Court of Delaware.

Submitted: April 12, 2016

Decided: April 20, 2016

Court Below—Superior Court of the State of Delaware, Cr. ID No. 0207018104B

DISMISSED.

**Aaron O. LOWMAN, Defendant Below–Appellant,**

v.

**STATE of Delaware, Plaintiff Below–Appellee.**

No. 169, 2016

Supreme Court of Delaware.

Submitted: April 12, 2016

Decided: April 20, 2016

Court Below—Superior Court of the State of Delaware, Cr. ID 0907016090

DISMISSED.

**Shirley SHAWE, Proposed Intervenor Below–Appellant,**

v.

**Elizabeth ELTING, Defendant Below–Appellee.**

No. 536, 2015

Supreme Court of Delaware.

Submitted: April 20, 2016

Decided: April 20, 2016

Court Below: Court of Chancery of the State of Delaware, C.A. No. 9686–CB

AFFIRMED.

**Kay A. MARTIN, Plaintiff– Below, Appellant,**

v.